878 F.2d 1445
 11 ITRD 1064
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert I. HUTSON, Plaintiff-Appellant,
v.
The UNITED STATES, the United States Customs Service, the
Honorable William Von Raab, Commissioner of
Customs and the Honorable John V. Linde,
District Director of Customs,
Boston, Defendant-Appellee.
 No. 89-1039.
 United States Court of Appeals, Federal Circuit.
 May 15, 1989.
 
 Before FRIEDMAN, MAYER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Robert I. Hutson appeals the decision of the Court of International Trade, No. 87-09-00962 (August 26, 1988), upholding the decision of the District Director of the United States Customs Service to revoke Hutson's privilege of access to Customs Security Access Zones (CSA zones) at Logan International Airport, Boston, Massachusetts. We affirm.
 
 OPINION
 
 2
 On November 25, 1985, Hutson violated 19 U.S.C. Sec. 1592 (1982) by attempting to introduce merchandise into United States commerce by means of material, false statements. Such introduction possibly would have deprived the United States of lawful duties. Notwithstanding this violation of customs law, Hutson argues that the District Director abused his discretion when, upon learning of Hutson's violation, he revoked the access granted to Hutson, in March 1986 and subsequent to the section 1592 violation, to enter the CSA zones unescorted. The District Director notified Hutson of the revocation on October 3, 1986.
 
 
 3
 We reject Hutson's argument that since the violation predated granting of the clearance, it could not justify revocation. Hutson's violation reasonably caused the District Director to believe, at the time he became aware of it, that Hutson's unescorted access to the CSA zones posed a threat to the revenue and security in those areas. The District Director may lawfully "revoke or suspend access to the Customs security area ... [when] [t]he continuation of privileges would, in the judgment of the district director, endanger the revenue or security of the area." 19 C.F.R. Sec. 6.12a(h) and subsection (4) (1986). The decision of the Court of International Trade is affirmed.